# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| United States of America<br>v.<br><br>JAMES CARGILL<br><br>*Defendant(s)* | Case No. 2:25-mj-0103 CKD |

**FILED**
Jul 09, 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __May 9, 2025__ in the county of __Solano__ in the __Eastern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of Ammunition |

This criminal complaint is based on these facts:

(see attachment)

☒ Continued on the attached sheet.

/s/
*Complainant's signature*

Shane Raftery, Task Force Officer, Fairfield Police Department
*Printed name and title*

Sworn to me and signed via telephone.

Date: July 9, 2025 at 10:39 am

*Judge's signature*

City and state: Sacramento, California

Carolyn K. Delaney, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

1. I, Shane Raftery of the Fairfield Police Department and deputized federal task force officer, being duly sworn, depose and state as follows:

2. I am submitting this affidavit in support of my request for the issuance of a criminal complaint and arrest warrant for James CARGILL (hereafter "CARGILL"), as there is probable cause to believe that CARGILL violated 18 U.S.C § 922(g)(1) (felon in possession of ammunition).

3. The information contained in this Affidavit is based upon my training and experience, my personal knowledge of this investigation, and information provided to me by other agents and law enforcement officials who have assisted in this investigation and have experience investigating the violations of firearm and narcotic laws. This Affidavit is intended to provide probable cause to support the issuance of the complaint and arrest warrant and does not set forth all the information of which I am aware. The Affidavit mainly focuses on facts relevant and necessary to establish probable cause for the requested arrest warrant. The facts establishing probable cause that CARGILL committed the crime are set forth more fully below.

**I.    INTRODUCTION AND AGENT BACKGROUND**

4. I, Shane Raftery, am currently employed by the Fairfield Police Department, as a sworn police officer. Upon my hire date in March 2013, I was assigned to the patrol division and in October 2015, I also received the collateral assignment of Crime Scene Investigator. In January 2018, I became a Detective with the Fairfield Police Department's Special Operations Team (SOT), which focuses primarily on the writing and execution of search warrants, conducting surveillance on suspected criminals and/or their associates, the apprehension of wanted persons, conducting probation and parole searches, and the proactive enforcement and investigation into narcotics, gang, and human trafficking related offenses. In January 2021, I was assigned as a Task Force Officer to the F.B.I.'s Solano County Violent Crime Task Force, where I was investigated a variety of criminal matters, including firearms and narcotics trafficking, kidnappings, murder, bank robberies, wanted fugitive investigations, and violent criminal enterprises such

as criminal street gangs and organized crime.

5. Because this affidavit is submitted for the limited purpose of establishing probable cause, I have not included every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause.

## II.     PROBABLE CAUSE

6. On May 9, 2025, the Fairfield Police Department ("FPD") received a call for service at the Dollar Tree located at 3060 Travis Blvd, where the reporting party advised a white male adult wearing a red hat, black shirt, and blue jeans was actively concealing store items inside his backpack inside the business. The reporting party also advised that the white male adult was accompanied by a white female wearing a black shirt and brown shorts.

7. Fairfield Police Officer E. Mikitiuk subsequently responded to the business, where she contacted Dollar Tree staff/employees, who advised the suspect(s) were still on scene. With the assistance of staff, Ofc. Mikitiuk located James CARGILL and Princess Murphy inside the business. CARGILL matched the provided suspect description and was in the presence of a backpack, and Princess Murphy matched the description of the female companion.



8. Upon contact, CARGILL advised officers he was not concealing items and began reaching into his backpack, producing US currency. When asked if officers could look into his backpack to ensure no store items were stolen/concealed, CARGILL declined. Ofc. Mikitiuk subsequently advised CARGILL he was being detained and reached towards CARGILL's arm. CARGILL then broke from the officer's grasp and took off running through the business. During this flight, CARGILL's backpack and hat were discarded on the floor near the front doors of the business. CARGILL eventually exited the store through a rear door.

9. Ofc. Mikitiuk recovered the backpack on scene and later conducted an inventory, locating the following items inside: a loaded Glock 10mm handgun (ser: BLXN610) with seven live rounds of Blazer 10mm ammunition; 230.1g AGW of suspected methamphetamine; and $1,740.00 in US currency.



10. Responding FPD officers located CARGILL at the Woodcreek Senior Commons community, located at 1625 Woodcreek Dr, Fairfield, CA. CARGILL was arrested on scene with the assistance of a Fairfield police k9. After CARGILL was arrested, FPD Ofc. Driscoll read CARGILL his *Miranda* rights. Following CARGILL's arrest, he was transported to North Bay Medical Center (NBMC) in Fairfield, Ca for treatment and medical clearance. At NBMC, Ofc. Mikitiuk inquired if CARGILL remembered his constitutional rights under *Miranda* being read to him, which CARGILL acknowledged. CARGILL accepted responsibility/custody over the backpack but denied knowledge of the firearm and/or

3

the suspected methamphetamine.

11. During Ofc. Mikitiuk's investigation, Ofc. Mikitiuk determined CARGILL was a convicted felon and prohibited from owning and/or possessing firearms and/or ammunition. At the time of his arrest, CARGILL was also on active Post-Release Community Supervision (PRCS) on a charge of 30305(a)(1) PC – possession of firearm/ammunition by a prohibited person, which was valid through 11/30/2027.

12. Upon clearance, CARGILL was booked into the Solano County Jail on numerous felony charges, to include 29800(a)(1) PC – felon in possession of firearms/ammunition.

13. At the time of the authoring of this complaint, James CARGILL remains in custody at the Stanton Correction Facility in Vacaville, CA.

### III.  PROHIBITED PERSON STATUS

14. A review of CARGILL's criminal history revealed the following felony convictions:

i. 2001, CARGILL was convicted of a violation of CA PC 459 (burglary), reference FCR186704.

ii. 2006, CARGILL was convicted of a violation 2800.2(A) PC (evading peace officer), reference FCR233576.

iii. 2009, CARGILL was convicted of a violation of 12020(A) PC (possess/manufacture/sell/ dangerous weapon), reference FCR262184.

iv. 2011, CARGILL was convicted of a violation 2800.2(A) PC (evading peace officer w/ prior prison), reference VCR208101.

v. 2016, CARGILL was convicted of a violation of 29800(A)(1) PC (felon in possession of firearm), reference FCR321716.

vi. 2018, CARGILL was convicted of a violation of 245(A)(1) PC (assault with a deadly weapon – non-firearm), reference FCR331339.

vii. 2022, CARGILL was convicted of a violation of 3000.08 PC, reference FCR364200.

viii. 2022, CARGILL was convicted of a violation of 3000.08 PC, reference FCR366120.

ix. 2023, CARGILL was convicted of a violation of 182(A)(1) PC (conspiracy), reference CC038914.

## IV. INTERSTATE NEXUS

15. Based upon consultation with an interstate nexus expert from the Bureau of Alcohol, Tobacco, and Firearms, I know that the seven rounds of Blazer 10mm ammunition contained in the Glock semi-automatic pistol found in CARGILL's backpack were not manufactured in the State of California.

## V. CONCLUSION

16. Based on the information set forth in the paragraphs above, I submit that there is probable cause to believe that James CARGILL violated of 18 U.S.C § 922(g)(1).

17. Accordingly, based upon the foregoing, I respectfully request that the Court sign the attached criminal complaint and issue the attached arrest warrant.

18. I declare under penalty of perjury that the statements above are true and correct to best of my knowledge and belief.

Respectfully submitted,

/s/
Shane Raftery
Task Force Officer
Fairfield Police Department

Subscribed and sworn to me telephonically on: July 9, 2025

_Carolyn K. Delaney_
Hon. Carolyn K. Delaney
U.S. MAGISTRATE JUDGE

/s/ Charles Campbell
Approved as to form by AUSA Charles Campbell

5